THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**BIOFORT CORP (BIOFORT) AND MARIGDALIA K. RAMIREZ-FORT, M.D.,**

    **Plaintiffs,**

    v.

**BITAL SAVIR-BARUCH, M.D.,**

    **Defendant.**

Civ. No. 24-01137 (ADC)

**OPINION AND ORDER**

Plaintiffs Marigdalia K. Ramírez-Fort, M.D., a physician-scientist ("plaintiff" or "Ramírez-Fort"), and her privately-owned company, BIOFORT (with Ramírez-Fort, the "plaintiffs"), filed a complaint alleging defamation and slander by defendant Bital Savir-Baruch, M.D. ("defendant" or "Savir-Baruch"). **ECF No. 1**. Savir-Baruch moves to dismiss the complaint based on, *inter alia*, a lack of personal jurisdiction. **ECF No. 8**, at 7-21. For the reasons discussed below, the defendant's motion to dismiss is **GRANTED** and plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**.

**I.    Factual and Procedural Background**

On March 20, 2024, plaintiffs filed a complaint against Savir-Baruch. **ECF No. 1**. In the complaint, plaintiffs allege that Savir-Baruch defamed and slandered Ramírez-Fort and BIOFORT based on the contents of two March 22, 2023, emails, **ECF No. 1**, ¶¶ 40, 44, 69-75, and

based on statements given at a February 1, 2024, American College of Nuclear Medicine ("ACNM") meeting in Orlando, Florida, **ECF No. 1**, ¶¶ 99-101.

Savir-Baruch sent the two allegedly defamatory e-mails on March 22, 2023, to Ramírez-Fort and other medical professionals. **ECF No. 1**, ¶¶ 40, 44, 69-75. Both e-mails containing the alleged defamatory statements were sent to Ramírez-Fort at her BIOFORT e-mail address. The other medical professionals e-mailed were based in New York, Missouri, Virginia, and Toronto, Canada. *Id*.

Until March 22, 2023, Savir-Baruch and Ramírez-Fort had experienced only one face-to-face interaction over a Teams teleconference on February 15, 2023, during which Savir-Baruch offered to assist Ramírez-Fort with locating a new residency position, as Ramírez-Fort had just left her residency position at UCLA. **ECF No. 1**, ¶¶ 26-28, 100. On March 22, 2023, both Ramírez-Fort and Savir-Baruch attended the ACNM meeting in Orlando, Florida, where plaintiffs allege that Savir-Baruch slandered them by interrupting and discrediting Ramírez-Fort's statements at the meeting. **ECF No. 1**, ¶¶ 100, 111.

On August 5, 2024, Savir-Baruch filed a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), failure to properly serve defendant under Fed. R. Civ. P. 12(b)(5), and improper venue under Fed. R. Civ. P. 12(b)(3), and 28 U.S.C. § 1406(a). **ECF No. 8**.[1]

---

[1] The Court acknowledges that multiple of Savir-Baruch's bases for requesting dismissal are meritorious, **ECF No. 8**, at 1-2, but dismisses on the jurisdictional basis of rule 12(b)(2). It is basic law that a court must have personal jurisdiction over the parties to hear a case, "that is, the power to require the parties to obey its decrees." *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 617 (1st Cir. 2001) (citing *United States v. Swiss Am. Bank, Ltd.*, 191 F.3d 30, 35 (1st Cir.1999)). Lack of personal jurisdiction is the most central flaw in plaintiffs' complaint. The Court could, for

An opposition, reply, and surreply followed on September 2, 2024, November 1, 2024, and November 12, 2024, respectively. **ECF Nos. 14**, **24**, **26**.

## II. Legal Standard

A defendant may move to dismiss a complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). In reviewing motions brought under Fed. R. Civ. P. 12(b)(2), the court "take[s] specific facts affirmatively alleged by the plaintiff as true (whether or not disputed) and construe[s] them in the light most congenial to the plaintiff's jurisdictional claim." *Negrón-Torres v. Verizon Commc'ns, Inc.*, 478 F.3d 19, 23 (1st Cir. 2007) (citing *Mass. Sch. of Law, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir.1998)). Additionally, the court can consider "facts put forward by the defendants, to the extent that they are uncontradicted." *Id*.

In evaluating a motion to dismiss for lack of personal jurisdiction, a court may apply one of several standards. *Adelson v. Hananel*, 510 F.3d 43, 48 (1st Cir. 2007). The most conventional standard to apply at an early stage of the case is the *prima facie* standard, where the court determines personal jurisdiction without holding an evidentiary hearing and taking the allegations in plaintiffs' complaint and responsive filings, as well as defendant's proffered facts, as true. *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 26 (1st Cir. 2008) (quoting *Daynard v. Ness, Motley,*

---

example, quash plaintiffs' service of process, but the central jurisdictional flaw would remain. *Rivera Otero v. Amgen Mfg. Ltd.*, 317 F.R.D. 326, 328 (D.P.R. 2016). And, because the analysis applied in determining a challenge to venue under Rule 12(b)(3) follows the personal jurisdiction analysis employed in a motion under Rule 12(b)(2), the same analysis below applies as to venue. *Concepcion v. Off. of Comm'r of Baseball*, No. CV 22-1017 (MAJ/BJM), 2023 WL 4110155, at *7 (D.P.R. May 31, 2023), *report and recommendation adopted*, No. CV 22-1017 (MAJ/BJM), 2023 WL 4109788 (D.P.R. June 21, 2023).

*Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 51 (1st Cir. 2002)). Plaintiff bears the burden of demonstrating that the court has personal jurisdiction. *LP Sols. LLC v. Duchossois*, 907 F.3d 95, 102 (1st Cir. 2018).

### III. Discussion

This case comes to this Court through diversity jurisdiction. **ECF No. 1**, ¶ 2. In diversity cases, the constitutional limits of personal jurisdiction are fixed by the Fourteenth Amendment, which dictates that "the exercise of personal jurisdiction must be both authorized by state statute and permitted by the Constitution." *LP Sols.*, 907 F.3d at 102; *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001). In Puerto Rico, the "long-arm statute is coextensive with the reach of the Due Process Clause." *Carreras v. PMG Collins, LLC*, 660 F.3d 549, 552 (1st Cir. 2011).

Consistent with the Due Process Clause, the defendant must have "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Negrón-Torres*, 478 F.3d at 24 (quoting *Int'l Shoe Co. v. Wash., Off. of Unemployment*, 326 U.S. 310, 316 (1945)). There are two types of personal jurisdiction, general and specific. *Id*. General jurisdiction is based on the defendant's "continuous and systematic activity, unrelated to the suit, in the forum state." *Negrón-Torres* 478 F.3d at 25. Specific jurisdiction occurs "where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts." *United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088–89 (1st Cir. 1992).

The First Circuit Court of Appeals conducts the specific jurisdiction inquiry based on a three-pronged test: (1) relatedness, (2) purposeful availment, and (3) reasonableness. *Copia Commc'ns, LLC v. AMResorts, L.P.*, 812 F.3d 1, 4 (1st Cir. 2016). For a finding of personal jurisdiction, all three prongs must be satisfied. *A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 59 (1st Cir. 2016).

The first prong – relatedness – analyzes whether the nexus of plaintiff's claims is sufficiently related to the defendant's forum-based activities. *Phillip*, 530 F.3d at 27. Although the relatedness inquiry "is a relaxed standard, it nevertheless requires [the Court] to hone in on the relationship between the defendant and the forum." *A Corp.*, 812 F.3d at 59 (internal quotation marks omitted). The cause of action "must directly arise out of the specific contacts between the defendant and the forum state." *Phillips Exeter Acad. v. Howard Phillips Fund*, 196 F.3d 284, 290 (1st Cir. 1999). The standard differs, depending on whether the plaintiff is alleging a tort or contract claim. *Rodríguez v. Dixie S. Indus., Inc.*, 113 F. Supp. 2d 242, 251 (D.P.R. 2000). For a contract claim, the inquiry is whether the defendant's forum-based activities were instrumental in the formation of the contract or in its breach. *Burk v. Morchower*, No. CV 14-1557 (GAG), 2016 WL 1171509, at *5 (D.P.R. Mar. 23, 2016). For a tort claim, the inquiry "focuses on whether the defendant's in-forum conduct caused the injury or gave rise to the cause of action," *Swiss Am. Bank*, 274 F.3d at 622, that is, whether the injury would have occurred but for the defendant's forum state activity.

The second prong, purposeful availment, requires that a defendant purposefully have directed out-of-state activity at the forum state. While the First Circuit has recognized a "natural blurring of the relatedness and purposeful availment inquiries in cases in which the alleged facts are less tangible than physical presence," *Phillips Exeter*, 196 F.3d at 289, the purposeful availment requirement "ensures that jurisdiction is not based on merely 'random, isolated or fortuitous' contacts with the forum state." *Hynes v. Forde & O'Meara LLP*, No. CV 23-1140 (SCC-MDM), 2024 WL 3360377, at *12 (D.P.R. Mar. 15, 2024), *report and recommendation adopted*, No. CV 23-1140 (SCC), 2024 WL 3360378 (D.P.R. Mar. 26, 2024).

The third and final prong is reasonableness. Here, the court must assess whether jurisdiction is fair and reasonable based on what have been called the five "Gestalt factors," which include: "(1) the defendant's burden of appearing [in the forum state], (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies." *Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 40 (1st Cir. 2016). This third "reasonableness prong of the due process inquiry evokes a sliding scale: the weaker the plaintiff's showing on the first two prongs (relatedness and purposeful availment), the less a defendant need show in terms of unreasonableness to defeat jurisdiction." *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 210 (1st Cir. 1994).

A.      **Relatedness**

As to the first prong, plaintiffs allege (relying on out-of-circuit authority) that this Court has specific jurisdiction because plaintiffs' claims relate to two e-mails Savir-Baruch sent to Ramírez-Fort at her BIOFORT e-mail address, a company based in Puerto Rico. **ECF No. 26**, ¶¶ 5-7. Plaintiffs fail to explain how the alleged slander at the meeting in Orlando, Florida relates to the forum of Puerto Rico.

Yet the Court need not inquire further into this point, because the relationship between defendant's e-mails and this forum is too tenuous to satisfy even this first relatedness prong of the three-step inquiry. *Copia Commc'ns*, 812 F.3d at 4. Exercise of specific jurisdiction in this Court is inappropriate "whenever the connection between the cause of action and the defendant's forum-state contacts seems attenuated and indirect." *United Elec.*, 960 F.2d at 1089. The two e-mails from Savir-Baruch to Ramírez-Fort not only have a highly attenuated connection to Puerto Rico, but hardly rise to threshold of defamatory electronic communication sent "for the very purpose of causing harmful effects in the forum." *Swanson v. Coffeen*, 952 F. Supp. 2d 390, 396 (D.P.R. 2013). Plaintiffs do not allege that Savir-Baruch sent the e-mails with the purpose of causing harm in Puerto Rico, and it is not clear whether Savir-Baruch was even aware that Ramírez-Fort is domiciled in Puerto Rico or that BIOFORT is a Puerto Rican corporation. *See* **ECF No. 8-1**, ¶¶ 15-16, 19.

### B.    Purposeful Availment

Plaintiffs do not – and cannot - claim that Savir-Baruch intentionally and purposefully availed herself of the "benefits and protections afforded by Puerto Rico's laws." *Estate of Rosario v. Falken Tire Corp.*, 109 F. Supp. 3d 485, 495 (D.P.R. 2015). The only connection that plaintiffs claim between Savir-Baruch and Puerto Rico is the two e-mails that Savir-Baruch sent to Ramírez-Fort's BIOFORT e-mail address. *See* **ECF No. 8-1**, ¶¶ 15-16, 19. There are neither allegations nor evidence claimed by plaintiffs or otherwise in the record, that would indicate Savir-Baruch has any other connection with Puerto Rico. Savir-Baruch is domiciled in Arizona, she neither visits nor does business in Puerto Rico, and it is highly unlikely that she could reasonably foresee being subject to this Court's jurisdiction. **ECF No. 8**, at 19; *see Swiss Am. Bank., Ltd.*, 274 F.3d at 623-24.

### C.    Reasonableness

An affirmative finding on each element of the three-pronged test is required for the Court to exercise jurisdiction, and plaintiffs have failed to show – by a wide margin – that the claim satisfies either the relatedness or purposeful availment prongs. The evidence against a finding of personal jurisdiction in the first two prongs of the test is fatal to plaintiffs' complaint, and the Court need not and should not methodically march through each of the Gestalt factors to illustrate the lack of personal jurisdiction here. *A Corp.*, 812 F.3d at 61-62; *Ticketmaster*, 26 F.3d at 210.

## IV. Conclusion

In light of the foregoing, it is considered that plaintiffs have failed to allege a factual basis in support of defendant's minimum contacts, and thus defendant is not subject to the jurisdiction of this forum. Accordingly, defendant's motion at **ECF No. 8**, is hereby **GRANTED**, and the complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court shall enter judgment dismissing all claims accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 31st day of March 2025.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**